[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 222.]

STARK COUNTY BAR ASSOCIATION *v.* CONRAD.

[Cite as *Stark Cty. Bar Assn. v. Conrad*, 2002-Ohio-644.]

*Attorneys at law—Misconduct—Indefinite suspension—Neglect of an entrusted legal matter—Neglecting or refusing to assist or testify in a disciplinary investigation or hearing.*

(No. 01-1580—Submitted October 16, 2001—Decided January 30, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-16.

_____

*Per Curiam*.

{¶ 1} On February 5, 2001, relator, Stark County Bar Association, filed a complaint charging respondent, Roxann Conrad of Canton, Ohio, Attorney Registration No. 0040529, with the neglect of a matter before the United States Tax Court. Respondent failed to answer, and the Board of Commissioners on Grievances and Discipline ("board") referred relator's motion for default to board member Michael E. Murman for ruling.

{¶ 2} Based upon the unanswered allegations of the complaint and the affidavits attached to the motion for default, the board member found that near the end of 1998, Nicholas and Carol Sylvester retained respondent to represent them before the United States Tax Court. After respondent filed a petition for redetermination of taxes in January 1999, the Sylvesters did not hear from respondent until she called them in December 1999 to tell them that the case would be on the tax court's January 2000 docket. After they received that information, the Sylvesters heard nothing further from respondent and were unable to contact her. In mid-2000, the Sylvesters received a demand from the Internal Revenue Service that they pay $8,872, which was the amount in dispute before the tax court.

Upon inquiry they discovered that their tax case had been set for January 24, 2000, but was dismissed for failure of anyone to appear. At that point the time for appeal had expired.

{¶ 3} The board member found that respondent failed to reply to relator's investigatory letters and did not respond to the draft of a proposed complaint sent to her by relator. The board member concluded that respondent's failures to act violated DR 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter), and Gov.Bar R. V(4)(G) (no attorney shall neglect or refuse to assist or testify in a disciplinary investigation or hearing). He recommended that the respondent be suspended indefinitely from the practice of law in Ohio. The board adopted the findings, conclusions, and recommendation of the board member.

{¶ 4} On review of the record, we adopt the findings, conclusions, and recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 5} I respectfully dissent. The majority's decision to indefinitely suspend is based on one instance of neglect. Had the respondent answered and participated in the disciplinary action, it is unlikely that we would have indefinitely suspended her from the practice of law. The respondent's default has resulted in such a recommendation.

{¶ 6} There is an indication in the record that, according to the respondent's father, she was suffering from unspecified "mental problems." The respondent did not respond to the charges made against her or cooperate with the investigation.

Perhaps she was unable. I believe these factors, when combined, are sufficient to place at issue a question of mental illness. Gov.Bar R. V(7)(C) provides:

"If the complaint or answer alleges existing mental illness unsupported by a journal entry of a court of competent jurisdiction *or mental illness otherwise is placed in issue*, the Board or hearing panel, on its own motion or on motion by either party, may order a medical or psychiatric examination of respondent by one or more physicians designated by the Board or hearing panel." (Emphasis added.)

**{¶ 7}** I believe that the board should have ordered a psychiatric evaluation of the respondent to determine her competence and whether her failure to appear was due to mental problems. Therefore, I respectfully dissent and would remand this matter to the Board of Commissioners on Grievances and Discipline with instructions to make further inquiry into the nature of the "mental problems" referred to in the record, and if appropriate, to order a psychiatric evaluation of the respondent.

———————————————

*Richard Milligan* and *William W. Emley, Sr*., for relator.

———————————————